IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK NELLOM,           :  | |
|     Plaintiff,           : | |
|                                           : | |
| v.            : | Case No. 2:22-cv-0268-JDW |
|                                           : | |
| EXELON CORPORATION, *et al.*,    : | |
|     Defendants.           : | |

## **MEMORANDUM**

Frank Nellom filed this civil action pursuant to 42 U.S.C. § 1983 asserting constitutional claims against Exelon Corporation, Exelon's chief executive officer Christopher M. Crane, Exelon employee John Senkow, and Darby Borough Police Officer Thomas J. Takacs. For the following reasons, the Court will grant Mr. Nellom leave to proceed *in forma pauperis* and dismiss his Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.     FACTUAL ALLEGATIONS**

According to Mr. Nellom, on September 20, 2018, Mr. Senkow and Officer Takacs met him at a property in Darby to inspect the electric meter. Mr. Senkow and Officer Takacs conspired to fabricate false first-degree felony charges against him "to carry out a (LIE & WAIT) conspiracy to deprive [Mr. Nellom] of Life or lessor Liberty." (ECF No. at ¶ 8.) On September 25, 2018, Officer Takacs filed a criminal complaint against Mr. Nellom, charging him with stealing electricity, which Officer Takacs charged as theft of services, causing catastrophe, risking catastrophe, theft by unlawful taking, and receiving stolen property. On

October 8, 2018, Mr. Nellom turned himself in to Darby police. He was released on bail that day.

On December 12, 2018, Mr. Senkow supposedly admitted in court that Mr. Nellom was not stealing electricity and concealed the fact that Mr. Nellom's business at the property in question was inactive. Although Mr. Nellom attaches portions of the transcript of that court proceeding to his original complaint, it is not clear what the proceeding was. The transcript also reveals that Mr. Senkow testified that the meter at the property in question did not belong to that house.

On April 9, three first-degree felony charges were "withdrawn," which Mr. Nellom says established their "falsity," and they were "replaced" by a singe third-degree felony charge. (*Id.* at ¶ 11.) On April 10, 2019, a jury convicted Mr. Nellom of theft of services and sentenced to 21-42 months in prison. *See Commonwealth v. Nellom*, CP-23-CR-0007367-2018 (C.P. Delaware). Following an appeal to the Superior Court, the Common Pleas Court resentenced Mr. Nellom to a term of 1-2 years on July 31, 2020. Following another appeal, the Superior Court remanded the case on April 15, 2021, and Mr. Nellom was sentenced again on July 14, 2021. Mr. Nellom has filed a federal habeas petition to challenge the state court conviction, which is pending in this District. *See Nellom v. Sorber*, No. 21-2835 (E.D. Pa.).

Mr. Nellom asserts a § 1983 claim against all Defendants for conspiring to fabricate false first-degree felony charges. He asserts they knew that Mr. Nellom did not own the property, that the service line to the meter had never been cut,

making it impossible to install a device to steal electricity, and that Mr. Senkow testified falsely that Mr. Nellom had an ongoing business at the location.

## II. STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, the Court must determine whether the complaint states a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry requires the court to apply the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under that standard, the court must take all well-pleaded allegations as true, interpret them in the light most favorable to the plaintiff, and draw all inferences in his favor. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). Moreover, because Mr. Clark is proceeding *pro se*, the Court must construe his pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Leave To Proceed *In Forma Pauperis*

Mr. Nellom has completed the form provided on the Court's website for applications to proceed *in forma pauperis* and has attested under penalty of perjury that he cannot afford to pay the filing fees. His application to proceed *in forma pauperis* demonstrates that he lacks the income or assets to pay the required filing fees. The Court will grant him leave to proceed *in forma pauperis*.

### B.     Plausibility Of Claims

Mr. Nellom specifies that he is bringing a claim under 42 U.S.C. § 1983. (ECF No. 7 at ¶ 1.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). There are at least two problems with Mr. Nellom's claim, each of which requires the Court to dismiss the Amended Complaint without prejudice and give Mr. Nellom an opportunity to amend.

Mr. Nellom's claims all turn on the fact that Officer Takacs initiated criminal proceedings against him and Mr. Senkow gave false testimony during those proceedings. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* at 486-87; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). If a state prisoner seeks damages in a case that would "necessarily imply the invalidity of his conviction or sentence," then the Court must dismiss the complaint unless "the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

Mr. Nellom has not alleged that anyone has invalidated his conviction or sentence. Nor could he because his *habeas* petition is still pending in this District. Unless and until a court invalidates his conviction or sentence, *Heck* bars his claim, so the Court must dismiss his Amended Complaint without prejudice. If he succeeds in challenging his conviction or sentence, he can pursue a claim.

## IV. CONCLUSION

Mr. Nellom cannot maintain his claims in this case unless and until he succeeds in his challenge to his conviction, so the Court will dismiss the Amended Complaint without prejudice. If Mr. Nellom prevails in challenging his conviction and sentence, then he will have an opportunity to pursue a new claim. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

February 14, 2022