IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK NELLOM,**<br><br>    *Plaintiff,*<br><br>v.<br><br>**EXELON CORPORATION,** *et al.***,**<br><br>    *Defendants.* | Case No. 2:22-cv-00268-JDW |

## <u>MEMORANDUM</u>

Frank Nellom has demonstrated an error that affected the Court's initial screening of his complaint. The Court relied on the publicly-available docket in the criminal proceedings against Mr. Nellom, but apparently that docket does not reflect the full history of those proceedings. Mr. Nellom asks the Court to reconsider its ruling, and the Court will do so. But the outcome is the same: Mr. Nellom cannot bring claims for malicious prosecution or false evidence, at least not yet.

**I.    BACKGROUND**

The Court screened Mr. Nellom's initial complaint for plausibility and dismissed it. It did so based on its review of the publicly-available state court docket sheet for Mr. Nellom's criminal case. According to that docket, the Commonwealth brought one charge—a third-degree felony charge of theft of services—against Mr. Nellom. *See Com. v. Nellom*, CP-23-CR-0007367-2018 (C.P. Delaware) (available on the Unified Judicial System of Pennsylvania Web

Portal). A jury convicted him on that charge, and the conviction remained intact. Because Mr. Nellom could not show that he had successfully challenged the underlying conviction, the Court dismissed Mr. Nellom's action without prejudice.

Mr. Nellom's new motion contains a non-public version of his criminal docket. It shows that the Commonwealth brought several charges against him that the public docket does not disclose. (*Compare* ECF No. 10-3 *with* ECF No. 10-4.) Pennsylvania's Clean Slate law, 18 Pa. Cons. Stat. § 9122.2, appears to be the source of that discrepancy. Per the statute, "[c]riminal history record information pertaining to charges which resulted in a final disposition other than a conviction" may be subject to "limited access." § 9122.2. In other words, public dockets show the disposition of charges which result in a conviction, but courts cannot rely on them to show whether prosecutors ever brought other charges that did not result in a conviction.

According to the non-public docket, on December 12, 2018, the Commonwealth charged Mr. Nellom with three first-degree felonies (designated "F1" on the docket) in connection with the use of an altered electrical meter: theft of services; theft by unlawful taking; and receiving stolen property. (The Commonwealth also charged Mr. Nellom with causing and risking catastrophe, but the Court will not discuss these charges because Mr. Nellom does not reference them in his Amended Complaint.) At a preliminary hearing that same

2

day, John Senkow gave false testimony in court to "deprive [Mr. Nellom] of life and liberty." (ECF No. 10 ¶¶ 8–10.)

On April 9, 2019, the Commonwealth "changed" the first-degree felony charges to third-degree felony charges, which the docket classifies as "F3." (ECF No. 10-3 at 3.) The next day, a jury convicted Mr. Nellom of third-degree theft of services. During Mr. Nellom's sentencing on June 3, 2019, the Commonwealth "withdrew" the remaining two third-degree charges for theft by unlawful taking and receiving stolen property. (ECF No. 10-3 at 1, 3–4.)

## II.     DISCUSSION

### A.     Reconsideration

A court may reconsider a prior ruling if the moving party shows (1) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-89 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Courts should grant reconsideration "sparingly." *See Romero v. Allstate Ins. Co.*, 1 F. Supp. 3d 319, 420 (E.D. Pa. 2014) (citation omitted). A motion for reconsideration may not be used to give a litigant a "second bite at the apple" on an argument on which it did not prevail the first time. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

In his request for reconsideration, Mr. Nellom corrects a clear error of fact. The Commonwealth brought several first-degree felony charges against him, not just the third-degree charge that appears on the public docket. That is a basis for the Court to reconsider its prior order.

**B.    Plausibility**

Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, the Court must determine whether the complaint states a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry requires the court to apply the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under that standard, the court must take all well-pleaded allegations as true, interpret them in the light most favorable to the plaintiff, and draw all inferences in his favor. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). Moreover, because Mr. Nellom is proceeding pro se, the Court must construe his pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

The Third Circuit has made clear that fabrication of evidence is a distinct claim from malicious prosecution. *See Halsey v. Pfeiffer*, 750 F.3d 273, 294 (3d Cir. 2014). Mr. Nellom appears to bring both claims: malicious prosecution claims based on the first-degree felony charges; and a fabrication of evidence claim based on Mr. Senkow's testimony. Each fails.

**1.    Malicious prosecution**

Mr. Nellom's malicious prosecution claim fails because he has not demonstrated that criminal proceedings have ended in his favor. To prove a

4

section 1983 malicious prosecution claim, the plaintiff must show: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in favor of the plaintiff; (3) the defendants initiated the proceeding without probable cause; (4) the defendants acted with malice or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *See Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009).

To show the criminal proceeding ended in his favor, a plaintiff must show the criminal case was "disposed of in a way that indicates the innocence of the accused." *Id.* at 187 (citation omitted). Sometimes, a plaintiff can show favorable termination if the criminal proceeding was terminated by "the formal abandonment of the proceedings by the public prosecutor." *Id.* (citation omitted). However, "[a]bandonment of the criminal case is a favorable termination 'only when [the case's] final disposition is such as to indicate the innocence of the accused.'" *Allen v. New Jersey State Police*, 974 F.3d 497, 503 (3d Cir. 2020) (quoting *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002)). For example, the abandonment of charges due to a lack of sufficient reliable evidence suggests innocence, but the abandonment of charges in the interest of judicial economy does not. *See id.* In addition, when a court or jury convicts a plaintiff of charges based on a factual predicate, a favorable resolution of other charges based on the same facts does not tend to show his innocence. *See, e.g., Baker v. Wittevrongel*, 363 F. App'x 146, 150 (3d Cir. 2010) (conviction of

5

lesser included offense meant no innocence on more severe charges); *Johnson v. Cillo*, No. CV 17-646, 2017 WL 4867532, at *7–8 (W.D. Pa. Oct. 27, 2017) (abandonment of charge did not reflect innocence in face of conviction of other charge based on same conduct); *Scheller v. Point Twp.*, No. 4:13-CV-890, 2014 WL 1846648, at *2–3 (M.D. Pa. May 6, 2014) (same).

Viewed as a whole, the proceedings do not reflect Mr. Nellom's innocence. While the first-degree theft of services charge was "changed" to the lesser third-degree theft of services charge, a jury found Mr. Nellom guilty of that charge. And the third-degree charge rests on the same underlying facts and seeks to punish the exact same conduct as the first-degree charge: Mr. Nellom's alleged theft of electric service through an altered meter. Therefore, the "change" of the first-degree theft of services charge does not reflect Mr. Nellom's innocence of the underlying facts.

The Commonwealth changed the other two first-degree felony charges—theft by unlawful taking and receiving stolen property—to third-degree charges and then withdrew them. But Mr. Nellom has not alleged any facts showing that those charges terminated in a manner reflecting his innocence, "i.e., that the prosecutor abandoned the . . . charges in the interest of justice [or] due to lack of evidence." *Jones v. Somerset Cty. Prosecutor's Off.*, No. CV 15-2629, 2017 WL 1337432, at *7 (D.N.J. Apr. 7, 2017). Indeed, the guilty conviction was based on the same conduct that gave rise to the withdrawn charges, which does not

reflect innocence. Thus, Mr. Nellom has not shown the favorable termination of any first-degree felony charges.

Also, contrary to Mr. Nellom's assertion, the Superior Court did not find him innocent of the underlying conduct. Instead, it vacated his sentence and remanded it for re-sentencing because the jury had not determined the value of the theft. See Com. v. Nellom, 234 A.3d 695, 705–06 (2020), reargument denied (Aug. 17, 2020), appeal denied, 252 A.3d 593 (Pa. 2021). That did not establish Mr. Nellom's innocence, though. Because Mr. Nellom has not alleged facts that could establish his innocence of the underlying misconduct, he has not shown the case terminated in his favor.

### 2.   *Heck*

Mr. Nellom's claims also fail under *Heck*. Although *Heck* overlaps with the malicious prosecution test for whether criminal proceedings end in a plaintiff's favor, the Third Circuit has made clear that they are distinct. See *Kossler*, 564 F.3d at 190 n.6. Under *Heck*, where success in a section 1983 action would necessarily imply the invalidity of a conviction or sentence, an individual's suit for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated. See *Heck*, 512 U.S. at 486–87.

To state a section 1983 claim for fabricated evidence Mr. Nellom must show "a reasonable likelihood that, absent that fabricated evidence, [he]

7

would not have been criminally charged" (*Black v. Montgomery Cty.*, 835 F.3d 358, 371 (3d Cir. 2016)), or convicted (*Halsey*, 750 F.3d at 294).

Mr. Nellom cannot establish that Mr. Senkow's testimony was vital to the first-degree felony charges against him without calling his conviction into question. It does not matter that Mr. Senkow's testimony occurred before Mr. Nellom was convicted because *Heck* bars claims that accrue before convictions if success on the claim would imply the invalidity of the conviction. *See Ortiz v. New Jersey State Police*, 747 F. App'x 73, 78 (3d Cir. 2018).

The same is true for Mr. Nellom's malicious prosecution claims. The first-degree charge for theft of services has the same elements as the third-degree charge for which he was convicted. *See* 18 Pa. Cons. Stat. § 3926(c) (first- and third-degree charges are only differentiated by amount of theft). The other first-degree charges—theft by unlawful taking and receiving stolen property—all arose from the same alleged conspiracy that led to his conviction. Calling that conspiracy into question necessarily calls his conviction into question too. *See McCracken v. Blei*, No. 21-CV-2187, 2022 WL 226070, at *7 (E.D. Pa. Jan. 26, 2022) Because Mr. Nellom has not demonstrated that his conviction has been invalidated, *Heck* bars his claim.

Mr. Nellom argues that *Dennis v. City of Philadelphia*, 379 F. Supp. 3d 420 (E.D. Pa. 2019) compels a different result, but it does not. In *Dennis*, a federal court vacated a plaintiff's conviction for first-degree murder pursuant to a writ of habeas corpus. The plaintiff then entered a no contest plea to third-degree

8

murder. After doing so, the plaintiff argued that he could bring a section 1983 claim for fabrication of evidence and deliberate deception in connection with the vacated first-degree murder charge despite his third-degree murder plea. The district court agreed, but its decision turned on the procedural posture of that case. It reasoned that because the alleged constitutional violations occurred only in connection with the first trial's proceedings, and the first trial had been vacated, *Heck* did not bar the plaintiff's claim. *See id.* at 429–30.

Mr. Nellom's case is distinct. Unlike the conviction in *Dennis*, no court has vacated Mr. Nellom's conviction or found procedural irregularities in any trial proceedings. *See Nellom*, 234 A.3d at 705–06. If Mr. Nellom prevails in challenging his conviction, then he can bring claims for fabrication of evidence and malicious prosecution. But not now.

### 3. Procedural resolution

To the extent that Mr. Nellom is aware of facts that could demonstrate the withdrawal of charges reflect his innocence, he knew or should have known that information at the time the claims were withdrawn. As a result, it would be futile for him to amend his complaint to include those facts because the statute of limitations would bar his claim. "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). The statute of limitations for a section 1983 claim is the limitations period applicable to personal injury actions of the state where the

9

cause of action arose. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Mr. Nellom's claims arose in Pennsylvania, and the Pennsylvania statute of limitations for a personal injury action is two years. *See* 42 Pa. Cons. Stat. § 5524(2)).

"A malicious-prosecution claim accrues"—meaning the statute of limitations starts to run—"when criminal proceedings end in the plaintiff's favor." *Randall v. City of Philadelphia Law Dep't*, 919 F.3d 196, 198 (3d Cir. 2019). If Mr. Nellom could show his claims were favorably terminated, they accrued, at the very latest, when they were withdrawn on June 3, 2019. Mr. Nellom was required to bring malicious prosecution claims based on those charges within two years, i.e., by June 3, 2021. He did not do so. The discovery rule, which stops the statute of limitations from running if a plaintiff cannot learn of his injury, cannot save his claims because he was present at his sentencing when the Commonwealth withdrew the charges. Because Mr. Nellom could not amend his complaint without running afoul of the statute of limitations, the Court will not grant him leave to amend his complaint.

## III.    CONCLUSION

Mr. Nellom's Application for Relief from Judgment will be granted. Mr. Nellom's section 1983 malicious prosecution and fabrication of evidence claims are dismissed without prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

March 15, 2022