IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK NELLOM, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:22-cv-268-JDW |
| | : | |
| EXELON CORPORATION, et al., | : | |
|     Defendants. | : | |

### MEMORANDUM

Frank Nellom has filed a Motion pursuant to Federal Rule of Civil Procedure 60(b). The Court will deny the Motion. This Court dismissed Mr. Nellom's claim after reviewing a non-public docket but concluding that the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars his claims. Mr. Nellom tried again in another case, but the Court dismissed that case, too. *See Nellom v. Exelon Corp.*, Case No. 22-cv-1093, 2022 WL 1423665, at * 1 (E.D.Pa. May 5, 20220). Now, Mr. Nellom wants the Court to revisit its ruling pursuant to Federal Rule of Civil Procedure 60(b), but he does not provide any new information. Nor does he specify the part of Rule 60(b) on which he relies, although it seems that he wants to argue that he is innocent of the state court crimes at issue.

Rule 60(b) provides that a court may relieve a party from a judgment for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

No subpart of Rule 60(b) applies. Mr. Nellom has not identified any mistake, new evidence, fraud, or basis to render the judgment void. Nor has he pointed to any other reason to justify relief. Although Mr. Nellom asserts that he is factually innocent, his own assertion of innocence does not make it true. Instead, he must show that the proceedings resolved in his favor, which means showing that a prosecution ended "without a conviction." *See Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022). But Mr. Nellom's case ended with a conviction for a third-degree felony, no court has overturned it, and Magistrate Judge Wells recently recommended the denial of his habeas petition, *See Nellom v. Sober*, Case No. 21-cv-2835 (E.D.Pa.).

Because Mr. Nellom has not satisfied Rule 60(b), there is no basis for the Court to grant him relief.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

July 28, 2022